In the Matter of the Application of The City of New York, to Acquire Title to Real Property between Third Avenue and First Avenue, from East 38th Street to East 41st Street, Borough of Manhattan: New York City Tunnel Authority Approaches to Queens Midtown Tunnel, and Approved According to Law. 307 East 38 Street Corporation, Appellant; The City of New York, Respondent.— Final decree, so far as appealed from, unanimously affirmed, with costs and disbursements to the respondent. No opinion. Present — Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.

## Second Department, January, 1941.
### (January 6, 1941.)

Nanette Gude Bayne, Respondent, v. Jasper Bayne, Appellant.— On the court's own motion, the order entered herein on July 5, 1940, is resettled by changing the date "November 10th, 1939," to "November 27th, 1939." Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ. [See 260 App. Div. 1041.]

Edward M. Cohen, on Behalf of Himself and All Others Similarly Situated, Respondent, v. Board of Education of the City of New York, Appellant.— Action for a declaratory judgment as to the meaning of subdivision 8 of section 872 of the Education Law (Consol. Laws, ch. 16). Order granting respondent's motion for judgment on the pleadings, in so far as appealed from, and judgment entered pursuant thereto, affirmed, with ten dollars costs and disbursements. The board of education exceeded its powers when it purported to exercise the judicial function of interpreting the exception clause in the subdivision in question. If there had been vested in the board the power it purported to exercise, the board's interpretation of the subdivision would have been of no effect since it is merely attempted judicial legislation. Instead of promoting the purpose of the enactment, namely, to eradicate the evil of dual employment in the city's school system, the board's interpretation, if effective, would entrench and prolong that evil. The intent of the Legislature is clear. The power to change its act is resident only in that body. Lazansky, P. J., Hagarty, Carswell and Taylor, JJ., concur; Close, J., dissents and votes to reverse the order and judgment, with the following memorandum: I am unable to agree that when the Legislature employed the expression " shall not exceed one school year in the aggregate " in subdivision 8 of section 872 of the Education Law, it intended to forbid the employment in a dual capacity of any teacher for a longer period than a single school year as defined by subdivision 15 of section 2, subdivision 4 of section 224, or subdivision 3 of section 868-a of the Education Law. To so hold will seriously interfere with and cripple the administration of the school system of the city of New York. If it was the intention to limit such dual employment to a single school year, then the words " in the aggregate," as used in the statute, are redundant and meaningless. It is my view that it was the intention to limit the employment to the service equivalent of school year as it was defined by the board of education in its by-laws. It must be presumed that the Legislature had knowledge of such by-laws. No strained construction should be adopted to overturn a long-established and well-settled practice of this administrative body.